#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ALABAMA
#### NORTHERN DIVISION

| | |
|---|---|
| **BRENDA BARGMANN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:24-cv-66-TFM-N |
| | ) |
| **STATE FARM MUTUAL** | ) |
| **AUTOMOBILE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiff's Motion to Remand Based on Untimely Removal* (Doc. 10, filed 4/3/24) and brief in support (Doc. 11). Plaintiff moves the Court to remand this matter back to state court claiming that removal is improper because the notice of removal was filed more than one year after the commencement of this action. After careful consideration of the motion, response, and relevant law, the Court **GRANTS** the motion to remand (Doc. 10).

### I.  BACKGROUND

This matter was originally filed in the Circuit Court of Baldwin County, Alabama on February 16, 2021. Doc. 1-2. On March 4, 2024, State Farm removed this matter to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1 at 2. On March 5, 2024, the Court *sua sponte* raised a jurisdictional question on the timeliness of the removal. Doc. 4. In the order, the Court noted the question about the one-year deadline for removal in the context of an amended complaint served well after the one-year deadline. The Court also cited *Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343 (11th Cir. 2021). The Court instructed the parties to brief the matter on or before April 3, 2024.

In lieu of the requested briefing, on April 3, 2024, Plaintiff filed the instant motion to remand which the Court also considers as a response to the original order. Docs. 10, 11. Defendant did not file a response to the Court's jurisdictional question order. Therefore, the Court entered a briefing schedule on the motion to remand. Doc. 12. In response to the Plaintiff's motion to remand, State Farm states "Defendant submits that Plaintiff's Motion is due to be granted in light of the arguments and legal authority set forth therein." Doc. 13.

The Court finds oral argument is unnecessary and the motion is fully briefed and ripe for review.

## II.   STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of establishing federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III.   DISCUSSION AND ANALYSIS

Because this lawsuit began in state court, the Court's jurisdiction depends on the propriety of removal. Federal courts are directed to construe removal statutes strictly and to resolve all

doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("[E]vents occurring after removal . . . do not oust the district court's jurisdiction."). Significantly, this means the Court may not consider damages accrued after removal. *See Burns*, 31 F.3d at 1097.

For cases, such as this one, that are not initially removable but later become removable, "[a] case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). As the Court noted in its initial order, this case is clearly well beyond one year from its inception. The Court acknowledges that the concurring opinion in *Vachon* is not binding, but the Court does find it persuasive and agrees with the interpretation. *See* 20 F.4th at 1348-53. Specifically, the concurring opinion notes that the addition of new claims did not signify commencement of the action. Rather, "[t]he one-year period for a defendant to remove an action to federal court begins when the plaintiff files his complaint in state court, not when he amends his complaint to add a new claim years later." *Id.* at 1348. However,

exceptions to the one-year timeline exist when there is bad faith by the plaintiff to prevent a defendant from removing the action.

Here, State Farm does not allege that Plaintiff has acted in bad faith in order to prevent it from timely removing the action. Given that almost three years have passed since the commencement of this action prior to its removal, the Court agrees that removal was untimely and this case is due to be remanded.

### IV.  CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiff's *Motion to Remand* (Doc. 10) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Baldwin County, Alabama.

The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 8th day of May 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE